Williams, P.J.
Following the trial court’s denial of a G.L.c. 261, §27C motion by the indigent defendant, Joseph King (“King”), for funds to retain an expert on the subject of addiction and the amounts of certain contraband substances that would be consistent with personal use, King appealed to this Division.[2] We reverse the denial, and order the allowance of the defendant’s motion.
King is charged with possession with intent to distribute cocaine in a school zone. Anticipating that the Commonwealth would proffer police testimony that the amounts of contraband found on King were consistent with distribution, King moved the trial court for an order of payment by the Commonwealth of $2,500.00 to retain Dr. William Stuart as a defense witness. King submits that Dr. Stuart, an emergency-department physician, has expertise in the area of addiction and the amounts of substances consistent with personal use. Dr. Stuart’s fee “is not more than $250 per hour.” In a supporting affidavit, King’s counsel asserted that based on the significant minimum mandatory sentence King faces, King would retain such a competent medical expert were he financially able to do so. See Commonwealth v. Lockley, 381 Mass. 156, 160 (1980). “Based on the charges and the information presented so far,” the trial court denied King’s motion without prejudice. We view that denial as constituting the “written findings and reasons” required by G.L.c. 261, §§27C(4) and 27D.
The standard for awarding such fees as those King has requested is
whether the [expected expert testimony] is reasonably necessary to prevent [King] from being subjected to a disadvantage in preparing or presenting his case adequately, in comparison with one who could afford to pay for the preparation which the case reasonably requires.
Commonwealth v. Lockley, supra at 160-161. Based on even the sparse record before us,[3] we find that King, confronted with probable Commonwealth expert testimony as to substance amounts that are consistent with distribution, would be disadvantaged in presenting his case adequately if he were unable to introduce rebuttal expert testimony that the substance amounts in question were consistent *30 with personal use. The denial of G.L.c. 261, §27C fund in this instance was, therefore, an abuse of discretion. See Commonwealth v. Kenney, 437 Mass. 141, 148 (2002).
Accordingly, the denial of King’s motion is reversed, and the motion is hereby allowed.
So ordered.

 Section 27D of G.L.c. 261 was amended, effective August 9, 2004, to confer jurisdiction on the Appellate Division of appeals of the denial of G.L.c. 261,§27C motions for funds. St. 2004, c. 252, §20.

 There is no trial court tape of whatever hearing was held on King’s motion. The sufficiency of that hearing cannot, therefore, be determined. See Commonwealth v. Zimmerman, 441 Mass. 146, 152-153 (2004).